**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KACI MYERS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **CIVIL ACTION FILE**<br><br>**NO. 1:19-CV-2486-MHC** |

## ORDER

This case comes before the Court on Plaintiff Kaci C. Meyers's Motion to Vacate Judgment Pursuant to FED. R. CIV. P. 60(d)(3) and 60(b)(3) ("Mot. to Vacate") [Doc. 124].

## I. BACKGROUND

On June 11, 2021, Plaintiff, proceeding pro se, filed a Second Amendment to Claims ("Second Am. Compl.") [Doc. 71], which is the operative pleading in this case. The medical negligence claims asserted in the Second Amended Complaint arise out of allegedly negligent medical care that she received at the Atlanta Veterans Administration Medical Center. See generally Second Am. Compl. On June 13, 2022, the Court entered an Order ("Summ. J. Order") [Doc.

116] granting Defendant the United States of America's Motion for Summary Judgment [Doc. 97], denying Plaintiff's Motion for Summary Judgment [Doc. 87], and dismissing this case because Plaintiff did not provide any expert evidence to establish the applicable standard of care in support of her malpractice claims, which therefore failed as a matter of law. On September 20, 2023, the Eleventh Circuit Court of Appeals entered an Opinion [Doc. 122] affirming this Court's ruling. On May 12, 2026, Plaintiff filed the instant Motion to Vacate.

## II. LEGAL STANDARD

### A. Relief from Judgment Under Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). To prevail on a 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." Jenkins v. Anton, 922

F.3d 1257, 1270 (11th Cir. 2019) (citation omitted). "The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." Id.

**B. Relief from Judgment Under Rule 60(d)(3)**

Federal Rule of Civil Procedure 60, which provides avenues for relief from judgment, places no limitations on the court's power to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). The "fraud on the court" referenced in Rule 60(d)(3) is distinct from fraud between the parties, subject to Rule 60(b)(3), in that the latter does not threaten public injury and therefore requires a lower standard to prove. S.E.C. v. ESM Grp., Inc., 835 F.2d 270, 273 (11th Cir. 1988) (quoting Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985) (per curiam)). Rather, "fraud on the court" is defined as:

> [e]mbracing only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

Id. at 273 (quoting Gore, 761 F.2d at 1551). Fraud on the court is narrowly construed and is found only in exceptional cases "where the fraud vitiates the court's ability to reach an impartial disposition of the case before it." Davenport Recycling Assocs. v. C.I.R., 220 F.3d 1255, 1262 (11th Cir. 2000) (citation

omitted). This includes "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)[1] (citations omitted). Conduct such as "nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." Id.

## III. DISCUSSION

Plaintiff argues "newly discovered evidence concerning the chronology, integrity, attribution, and retrospective modification of Plaintiff's federal medical records. . . . [T]he retrospective modifications, chronology inconsistencies, attribution irregularities, and evolving historical-condition entries collectively raise substantial concerns regarding Fraud upon the Court and the integrity of the evidentiary record relied upon during the original proceedings." Mot. to Vacate at 1. Specifically, Plaintiff argues that "Defendant's 2026 'back-filled' entries now constitute a formal clinical admission that the injuries occurred, rendering the previous 'Standard of Care' hurdle moot." Id. In support of this argument,

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Plaintiff provides nearly fifty (50) pages of documents including what appear to be medical records, as well as medical and legal correspondence. See generally Exs. to Mot. to Vacate [Docs. 124-1 to 124-11]. Defendant argues that the Motion to Vacate fails because it is untimely under Rule 60(b) and does not allege fraud on the Court as is required under Rule 60(d)(3). Def.'s Opp'n to Pl.'s Mot. to Vacate [Doc. 126] at 5-6. The Court agrees with Defendant.

First, Plaintiff's Motion to Vacate is untimely under Rule 60(b)(3) because it was filed on May 12, 2026, more than a year after judgment was entered on June 13, 2022. See FED. R. CIV. P. 60(c)(1) (stating that a motion under Rule 60(b)(3) must be made "no more than a year after the entry of the judgment"). Second, the Motion to Vacate does not allege fraud on the Court as is required under Rule 60(d)(3).

> It has long been the law of this Circuit that fraud on the court must be established by clear and convincing evidence. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. The mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court. Instead, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision to set aside a judgment under Rule 60(d)(3).

Gupta v. U.S. Atty. Gen., 556 F. App'x 838, 840-41 (11th Cir. 2014) (internal citations and quotations omitted). Plaintiff has not made any such allegations of an

unconscionable plan or scheme, much less provided clear and convincing evidence of one.[2]

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff Kaci C. Meyers's Motion to Vacate Judgment Pursuant to FED. R. CIV. P. 60(d)(3) and 60(b)(3) [Doc. 124] is **DENIED**.

**IT IS SO ORDERED** this 15th day of July, 2026.

MARK H. COHEN
United States District Judge

[2] Even if Plaintiff had sufficiently alleged and provided evidence of fraud on the Court, nothing discussed in the Motion to Vacate has any relevance to the grounds upon which this case was dismissed: Plaintiff's failure to provide expert evidence related to the standard of care for her medical negligence claims. Plaintiff provides no coherent explanation as to how her fifty pages of Exhibits have any bearing on the applicable standard of care, nor does she provide any legal authority stating that such medical records may be used in lieu of expert evidence.